UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MAYCOE ORTIZ, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:19-cv-00046-TWP-DML |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

**ENTRY DISCUSSING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

For the reasons explained in this Entry, the motion of Maycoe Ortiz ("Ortiz") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

## I. LEGAL STANDARD

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. FACTUAL BACKGROUND

On December 15, 2015, Ortiz was charged in a multi-defendant Indictment with conspiracy to distribute 500 grams or more of methamphetamine (mixture) and one kilogram or more of heroin (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One). *United States v. Ortiz*, 4:15-cr-28-TWP-VTW-4 ("Cr. Dkt.") Dkt. 75. On April 13, 2017, he entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Cr. Dkt. 470. He agreed to plead guilty as charged in the indictment. *Id*. at 1. The parties did not agree on a specific sentence. *Id*. at 9. The government agreed to argue for a sentence no higher than the low end of the applicable sentencing guideline range as determined by the Court. *Id*. Ortiz was free to argue for any sentence. *Id*. As part of the factual basis for the guilty plea, Ortiz admitted distributing 6.3 kilograms of "ice" (methamphetamine) and 4 kilograms of heroin. *Id.*, ¶ 19B.

The Court held the change of plea hearing on April 27, 2017. Cr. Dkt. 490. Ortiz confirmed that he had received a copy of the indictment, discussed the charges and this case with his attorneys, understood everything explained to him by his counsel, and agreed to plead guilty to Count 1. Cr. Dkt. 916, p. 5-6. He stated that he read, discussed, and signed the plea agreement and addendum and that no one used any force or threats to get him to plead guilty. *Id.*, p. 8-9. He also confirmed that no promises were made, other than those contained in the agreement. *Id.*, p. 9.

Ortiz affirmed that the agreement was not for a specific sentence and that the ultimate sentence was left the Court's discretion. *Id.*, p. 14. After discussing the plea and the factual basis, the Court asked Ortiz how he wished to plead and he responded, "Guilty." *Id.*, p. 29. The Court accepted his plea of guilty. *Id.*, p. 29-30.

On March 23, 2018, the Court held a sentencing hearing. Cr. Dkt. 808. The Court reviewed the presentence investigation report and neither party objected. Cr. Dkt. 919, p. 4. The government

filed a U.S.S.G. § 5K1.1 motion recommending a four-level departure and a sentencing range of 168 to 210 months' imprisonment if accepted by the Court. *Id.*, p. 6. Ortiz's counsel argued for a sentence of 120 months' imprisonment. *Id.*, p. 7-9. The government argued for a sentence of 168 months' imprisonment. *Id.*, p. 9-10.

The Court sentenced Ortiz to 150 months' imprisonment, stating, "This sentence is a departure based on the government's motion outlining his substantial assistance to authorities, he testified at trial, as well as a variance based on the 3553(a) factors." *Id.*, p. 11. The Court found that Ortiz was responsible for approximately 6,300 grams of methamphetamine and 4,000 grams of heroin. *Id.*, p. 15.

The Court also noted that Ortiz's "decision to cooperate with the government was commendable," and "his four-level downward departure significantly reduces the low end of his sentencing guideline range from 262 to 168 months, which is huge." *Id.*, p 16-17. The Court found "based on the defendant's decision" and the "3553(a) factors" that it would depart from the 168 months at the low end of the guideline range. *Id.*, p. 17-18.

Ortiz did not appeal. On March 12, 2019, he filed the instant § 2255 motion. The United States has responded, and Ortiz did not reply.

### III. <u>DISCUSSION</u>

In his § 2255 motion, Ortiz argues that his counsel was ineffective for: (1) allowing him to accept a plea that produced a sentence higher than the one stipulated in the plea agreement; (2) failing to ensure a reduced sentence for cooperation; and (3) advising him to accept a plea with a stipulated amount of drugs that was less than the amount stated at sentencing.

A petitioner claiming ineffective assistance of counsel bears the burden of showing: (1) that trial counsel's performance fell below objective standards for reasonably effective

representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, Ortiz must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[I]t is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief." *Brown v. Finnan*, 598 F.3d 416, 422 (7th Cir. 2010) (citations omitted). Each of Ortiz's specifications of ineffective assistance is discussed below.

**A. Sentence Higher than Agreed**

Ortiz first argues that his counsel was ineffective for allowing him to receive a sentence higher than the one stipulated in the plea agreement. Ortiz's plea agreement provided that "the determination of the defendant's sentence is within the discretion of the Court." Cr. Dkt. 916, p. 14. Thus, the parties had not reached an agreement for a specific sentence, rather, the government agreed to recommend a sentence "no higher than the low end of the applicable sentencing guideline range as determined by the Court." *Id.*, p. 18. The parties further agreed that Ortiz could argue for any sentence. *Id*.

The parties had no objection to the probation officers calculation of a total offense level 37 and five criminal history points. At sentencing, the Court agreed with the calculation, and

determined a sentencing guideline range of 262 to 327 months' imprisonment. Cr. Dkt. 919, p. 6. The Court also granted a § 5K1.1 motion from the government that recommended a four-level reduction in Ortiz's offense level. *Id.*, p. 5-7. Ortiz's new offense level became 33, which resulted in a sentencing guideline range of 168 to 210 months. *Id.*, p. 6. Ortiz's counsel asked for a sentence of 120 months, while the government asked for a sentence of 168 months. *Id.*, p. 9. The Court sentenced Ortiz to 150 months' imprisonment. *Id.*, p. 14.

In short, the record reflects that Ortiz and the government never agreed to a specific sentence in the plea agreement. Ortiz affirmed as much at his plea hearing and affirmed that his plea was not the result of threats or promises outside the plea agreement. He then received a sentence that was lower than the low end of the calculated sentencing guideline range. There is no evidence to support a conclusion that Ortiz was promised a sentence lower than he received at the sentencing hearing. He therefore has failed to show any deficiency on his counsel's part regarding a sentence higher than agreed.

**B. Reduction for Cooperation**

Ortiz next argues that his counsel was ineffective because he should have received a reduced sentence for his cooperation. But Ortiz did receive a downward departure of four-levels for his cooperation, as well as a downward variance. He has therefore failed to show any deficiency on his counsel's part relating to a reduction for cooperation.

**C. Amount of Drugs**

Finally, Ortiz claims his trial counsel provided ineffective assistance by inducing him to accept a plea with a "stipulated amount of [sic] drugs less than [sic] the amount of drugs stipulated at the sentencing phase." Dkt. 1, p. 7

In the factual basis for his guilty plea, Ortiz admitted to distributing 6.3 kilograms of

methamphetamine and four kilograms of heroin. Cr. Dkt. 470, p. 8. At the sentencing hearing, this Court found Ortiz responsible for 6,300 grams of methamphetamine and 4,000 grams of heroin. Cr. Dkt. 916, p. 15. These measurements are the same, as one kilogram is worth 1,000 grams. There was therefore no difference between the amount of drugs that were part of the factual basis and the amount the Court relied on at the sentencing hearing. Ortiz fails to show any deficiency in his attorney's representation.

## IV. CONCLUSION

For the reasons explained in this Order, Maycoe Ortiz is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 4:15-cr-28-TWP-VTW-4.** The motion to vacate, cr. dkt. [911], shall also be **terminated** in the underlying criminal action.

## V. DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Ortiz has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/9/2020

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MAYCOE ORTIZ
13856-028
EDGEFIELD - FCI
EDGEFIELD FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 725
EDGEFIELD, SC 29824

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov